IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVAN P. GILBERTSON,                                          CV. 08-6268

        Plaintiff,                                    OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

KATHRYN TASSINARI
DREW JOHNSON
1700 Valley River Drive, First Floor
Eugene, OR 97401

    Attorneys for Plaintiff

KENT S. ROBINSON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

BENJAMIN J. GROEBNER
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant


1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Evan P. Gilbertson brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). For the reasons that follow, I REVERSE the final decision of the Commissioner, and REMAND this case for an immediate award of benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for disability benefits on April 23, 2003, alleging disability due to Asperger's Syndrome, as of the date of his birth. His application was denied initially, and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on September 22, 2005. Plaintiff was represented by counsel and testified, as did his mother Denise Gilbertson, vocational expert C. Kay Wise, and medical expert Susan Dragovich, Ph.D. In a December 9, 2005 decision, the ALJ found that plaintiff was not disabled. The Appeals Council denied review, and plaintiff appealed to this court.

On March 21, 2007, the Honorable Anna Brown issued a decision determining that the ALJ erred in failing to provide sufficient justification for rejecting the opinion of examining psychologist Peter Moulton, Ph.D, and the lay testimony provided by Denise

2 - OPINION AND ORDER

Gilbertson. Judge Brown remanded the case to the Commissioner for further proceedings. On June 20, 2007, the Appeals Council remanded the case to the ALJ for another hearing and new decision.

A second hearing was conducted on January 16, 2008, at which plaintiff was represented by counsel and testified, as did Denise Gilbertson, and vocational expert Susan Foster. On May 5, 2008, the ALJ issued a second unfavorable decision and this appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 24 years old on the date of the second hearing, and lives with his parents. Plaintiff was diagnosed in grade school to have Attention Deficit Hyperactivity Disorder, and then diagnosed at approximately age 18 with Asperger's Syndrome. Plaintiff has above average intelligence, but difficulties with social functioning. Plaintiff graduated from an alternative high school with a modified certificate of completion. Since the first hearing in 2005, plaintiff enrolled in three courses at Lane Community College, but did not successfully complete them. Plaintiff has no past relevant work, but previously worked as a "box folder" folding pizza boxes at a local pizza franchise--a job that was created for him through vocational rehabilitation services. Plaintiff also briefly worked selling cutlery for "Cutco."

////

3 - OPINION AND ORDER

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner at step five to show that a significant number of jobs exist in the national economy that the claimant can perform. <u>Yuckert</u>, 482 U.S. at 141-42.

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity. <u>See</u> 20 C.F.R. §§ 416.920(b), 416.971 *et seq*.

At step two, the ALJ found that plaintiff's Asperger's syndrome was a severe impairment. <u>See</u> 20 C.F.R. § 416.920(c).

At step three, the ALJ found that plaintiff's impairment did not meet or medically equal a listed impairment. <u>See</u> 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

The ALJ assessed plaintiff with a residual functional capacity (RFC) to perform a full range of work at all exertional levels. The ALJ determined that plaintiff is unable to perform complex tasks, but is able to attend to and perform simple routine tasks at a consistent pace throughout the workday. The ALJ also determined that plaintiff is able to work in proximity to others without

4 - OPINION AND ORDER

frequent conversation with co-workers and supervisors, but is unable to work directly with the general public. See 20 C.F.R. §§ 416.927, 416.929.

At step four, the ALJ found plaintiff has no past relevant work. See 20 C.F.R. § 416.965.

At step five, the ALJ found that considering his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. See 20 C.F.R. §§ 416.960(c), 416.966. Accordingly, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.

## ISSUES ON REVIEW

Plaintiff contends that the ALJ made several errors: (1) posing an incomplete hypothetical to the vocational expert; (2) failing to properly credit the opinion of examining physician Dr. Moulton; and (3) failing to properly credit lay testimony from his mother, Denise Gilbertson.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable

5 - OPINION AND ORDER

mind might accept as adequate to support a conclusion." Id.  The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation.  Andrews, 53 F.3d at 1039-40.  If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

### I.  Hypothetical Question to the Vocational Expert.

At step five of the sequential evaluation, the burden shifts to the Commissioner to establish that there are jobs in the national economy that the claimant can do.  Andrews v. Shalala, 53 F.3d at 1043.  The Commissioner can satisfy this burden by eliciting testimony from a vocational expert (VE) to determine whether jobs exist in the national economy that the claimant can perform despite his limitations and restrictions.  Tackett v. Apfel, 180 F.3d at 1103-04.  The hypothetical posed to the VE must accurately reflect all of the claimant's limitations that the ALJ found to be credible and supported by substantial evidence in the record.  Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005); Tackett v. Apfel, 180 F.3d at 1101.  If an ALJ's hypothetical

question does not reflect all of the claimant's limitations, the ALJ may not rely upon VE's testimony.  <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988).

At the second hearing, the ALJ posed a couple of hypotheticals to the vocational expert Susan Foster.  The first hypothetical included limitations as described by Dr. Moulton. (Tr. 466.)  Ms. Foster stated that those limitations would preclude employment.

In the second hypothetical, the ALJ asked Ms. Foster to consider a person with the limitations as described in his RFC assessment: a person with no exertional limitations, unable to perform complex tasks, but able to perform simple, routine tasks at a consistent pace, with the ability to work in proximity with others, and unable to work directly with the public.  Ms. Foster identified only one position, a garment sorter.

Plaintiff's counsel then asked the VE to consider a whether a person the claimant's age, education and lack of past relevant work, and having a moderate to severe processing speed impairment, could be competitively employed. (Tr. 468.) Ms. Foster stated that such a processing speed impairment would preclude competitive employment. (Tr. 469.)

In his opinion, in response the ALJ concluded the following:

> [Plaintiff's] representative asked the vocational expert if [plaintiff] had a moderate to severe processing speed impairment, how this would affect his ability to sustain competitive employment. The

7 - OPINION AND ORDER

>       vocational expert testified that it would
>       preclude the garment sorter position as well
>       as all jobs in the workforce. However, the
>       [ALJ] finds that there is no significant
>       evidence in the record to indicate that the
>       claimant has a moderate to severe processing
>       deficit. Dr. Moulton[] assessed in his
>       evaluation that [plaintiff's] tests indicated
>       a processing speed in the borderline range,
>       nothing to indicate moderate to severe
>       deficits. (Tr. 330.)

To begin, I disagree with the ALJ's conclusion that Dr. Moulton's characterization of plaintiff's processing speed as "borderline" was not a moderate to severe processing speed deficit. Examination of Dr. Moulton's assessment reveals that plaintiff tested in only the *third* percentile for Processing Speed, and in the *fifth* percentile for Visual Immediate Memory and Visual Delayed Memory. (Tr. 283-84.) Dr. Moulton described plaintiff's visual motor speed and short term non-verbal learning in the borderline range, and stated this "may have been in part due to psycho-motor retardation." (Id.) In his summary, Dr. Moulton stated that plaintiff has superior abilities for understanding, expression and reasoning, but that he has "seriously impaired abilities for visual-motor processing speed." It is clear that when Dr. Moulton's characterization of "borderline" is read in the context of his entire report, it can be fairly read to demonstrate *at least* a moderate to severe deficit in processing speed.

But even presuming that the ALJ's assessment of Dr. Moulton's opinion was correct, there is other substantial evidence in the

8 - OPINION AND ORDER

record demonstrating a moderate to severe processing speed deficit that the ALJ failed to distinguish or discuss. David Northway, Ph.D, conducted an intellectual assessment on April 22, 2002. Dr. Northway stated in his comprehensive evaluation of plaintiff that: "[t]esting also suggests moderate to severe impairment in processing speed[.]" (Tr. 254.) The ALJ supplies no basis for discrediting Dr. Northway, nor does he offer an explanation for ignoring this evidence concerning a processing speed deficit.

Additionally, Susan Dragovich, Ph.D, the medical expert who testified at the initial hearing, stated that "there is consistency in the testing results of a very significant processing speed deficit." (Tr. 354.) In describing plaintiff, Dr. Dragovich noted the difficult dichotomy in plaintiff's scores recognizing plaintiff as being "quite brilliant" in some areas, and "having very significant problems with application of different kinds of skills." (Tr. 354.) Dr. Dragovich noted that plaintiff's living arrangement at home was equivalent to living in a supported living environment. (Tr. 356.) Later in the initial hearing, when discussing plaintiff's interpersonal skills, activities of daily living, necessary support, and his processing speed deficit, she indicated his limitations were at the "moderate levels, at least, of impairment." (Tr. 357.)

Although the ALJ noted at one point in the decision that Dr. Dragovich "focused" on a processing speed deficit, the ALJ

9 - OPINION AND ORDER

completely overlooks this evidence when discussing the hypothetical to the VE. Somewhat incongruously, the ALJ accepted Dr. Dragovich's opinion that plaintiff did not meet or equal a listing, and her conclusion that plaintiff's symptoms did not support a depression diagnosis. But the absence of an explanation concerning Dr. Dragovich's opinion of at least a moderate processing speed deficit is puzzling, and simply erroneous. Shumaker v. Astrue, — F.Supp.2d —, 2009 WL 3049263 (D. Mont. Sept. 15, 2009).

As such, I conclude that contrary to the ALJ's assertion, there is sufficient credible evidence in the record to demonstrate that the plaintiff suffered a moderate to severe processing speed deficit. Accordingly, the ALJ's failure to include that limitation in the hypothetical to the VE was error. Embrey v. Bowen, 849 F.2d at 423.

## II. Credit as True.

After finding the ALJ erred, this court has the discretion to remand for further proceedings or for immediate payment of benefits. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate where there is no useful purpose to be served by further proceedings or where the record is fully developed.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award

10 - OPINION AND ORDER

of benefits directed."  Id.  The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.  Id.

Where it is not clear that the ALJ would be required to award benefits were the improperly rejected evidence credited, the court has discretion whether to credit the evidence.  Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

Here, it is clear that when the testimony of Dr. Northway and Dr. Dragovich concerning plaintiff's processing speed deficit is credited, plaintiff would be found disabled at step five.  At the second hearing, plaintiff's counsel inquired of the VE whether an individual with a moderate to severe processing speed deficit would be able to maintain competitive employment. (Tr. 469.)  The VE responded that such an individual could not.  (Id.)

Accordingly, there is sufficient information in the record upon which a decision can be made.  Because no outstanding issues must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find plaintiff disabled if the evidence was credited, this case should be remanded for an award of SSI benefits under Title XVI of

11 - OPINION AND ORDER

the Act. See Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004). Consistent with Dr. Northway's opinion that plaintiff lacks the judgment and insight required to handle his own financial affairs, the Commissioner must designate a payee for plaintiff's benefits. (Tr. 255.)

Because I have remanded for an immediate award of benefits, I do not address plaintiff's remaining issues.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED, and this case is REMANDED for an immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this _22_ day of October, 2009.

_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge

12 - OPINION AND ORDER